307 P.2d 1117

**Rose Ulibarri MARTINEZ, Plaintiff-Appellant,**

**v.**

**Moises MARTINEZ, Defendant-Appellee.**

**No. 6074.**

Supreme Court of New Mexico.

Feb. 27, 1957.

---•---

M. L. Armijo, Jr., Las Vegas, for appellant.

H. E. Blattman, Las Vegas, for appellee.

LUJAN, Chief Justice.

The plaintiff-appellant instituted this action in the District Court of San Miguel County seeking an absolute divorce from the defendant-appellee on the grounds of incompatibility. In her complaint she alleged that no community property had been accumulated during the marriage. By his answer the defendant "admitted that no community property had been acquired, and that the house in which they resided was a gift to him from his father; that when defendant became ill and partly paralyzed, plaintiff told defendant that she would not look after him during his illness unless he conveyed said property to her, and that as consideration for said property the plaintiff agreed to care for and look after defendant;' that defendant is not capable of looking after himself as he is paralyzed on one side; that plaintiff has failed to look after and take care of the defendant as agreed and has breached the terms of her contract; and that the said deed of conveyance by defendant to plaintiff of the said property should be set aside."

By her reply the plaintiff denied all the material allegations set up in defendant's answer.

The cause was tried by the court, findings of fact and conclusions of law were made, and a final decree was entered awarding an absolute divorce unto the plaintiff and ordered a cancellation of the deed held by plaintiff. From that portion of the final decree providing for cancellation of the deed plaintiff prosecutes this appeal.

Thus it is that the basic question for decision is whether the husband, the defendant, deeded the property involved to plaintiff, his wife, in exchange for her promise to continue to live with him and to care for and look after him the remainder of his life, incidental to his illness, as the consideration for the conveyance as claimed by the husband; or, was the conveyance in consideration of the cancellation of a loan of $250 previously made by her father to defendant, as claimed by the wife. The trial court found this issue in favor of the husband. It was not disputed that the $250 loan had been made to defendant by plaintiff's father. It was denied, however, both by plaintiff's father and the defendant, that cancellation was a consideration for the conveyance. The loan has never been paid.

The court found the following facts:

"4. That shortly after Plaintiff's and Defendant's marriage, he became ill and was only able to do light work.

"5. That Defendant had been previously married and divorced in 1936 or 1937; that by said marriage, Defendant has some children.

"6. That prior to the marriage of Plaintiff and Defendant, the Defendant was the owner of the following described land in the Town of Las Vegas, New Mexico, to-wit: (here description) which property has been given to Defendant by his father.

"7. That subsequent to the marriage of Plaintiff and Defendant, he became ill and was able to do only light work and finally became permanently and totally disabled, his left side becoming paralyzed, requiring someone to look after him.

"8. That for some time prior to the 8th day of December, 1952, the Plaintiff had been bothering and nagging the Defendant that he should convey the property described in Finding of Fact No. 6 hereof, reference to which is hereby made, giving her reason the fact that he was ill and if he should die, the children by his first wife would get the property; that she was not going to look after him during his illness or stay with him unless he conveyed said property to her.

"9. That a short time prior to the 8th day of December, 1952, Defendant, while ill, sent for his father, Hipolito Martinez; that Defendant's father went to the house where Plaintiff and Defendant were living; that at the same time and place, the Defendant explained to his father the trouble he was having with his wife and asked his father if he had any objections to his conveying the said property to his wife on condition that she continue to live with him and look after him and care for him during his illness.

"10. That at the conference, between Plaintiff, the Defendant and said Hipolito Martinez, Defendant agreed to convey said property to his wife, on condition that she remain and live with him and look after him.

"11. That relying upon the promise of Plaintiff to remain and live with Defendant and look after him during his illness, the Defendant executed and delivered said deed of conveyance to said property to Plaintiff.

"12. That when Defendant became totally and permanently disabled, and within a short time thereafter, the Plaintiff put him in charge of the New Mexico State Welfare Department, and

that said Department is still taking care of Defendant and supporting him.

"13. That Plaintiff failed and refused to look after the Defendant when he became permanently and totally disabled."

Based upon the foregoing findings of fact the court concludes as a matter of law:

"3. That the constant importunities and nagging of Plaintiff that Defendant convey the property in question to her, and the desire of Defendant to keep his wife and prevent a divorce or separation, coupled with the promise of Plaintiff to stay with him and look after him during his illness, was the sole consideration for such conveyance; and the importunities and nagging, so confused the Defendant that the free action of his will was so out of normal control, that it amounted to undue influence and fraud.

"4. That Defendant is entitled to have the said deed of conveyance set aside and declared invalid."

The plaintiff assigns numerous errors on account of the trial court's action in adopting defendant's findings of fact and conclusions of law which were adverse to those submitted by her. From a careful consideration of the whole record we conclude that there is sufficient evidence to support the above findings, and are therefore, for the purpose of review, the facts in this case. The findings of fact are a sufficient basis for the conclusions of law and resulting final decree. Further, the court's action in refusing to adopt the plaintiff's theory of the case and her requested findings of fact and conclusions of law, was not error.

The rule, under such circumstances as those in the instant case, has been considered and expounded by this court in the case of Trigg v. Trigg, 37 N.M. 296, 22 P. 2d 119, and what was there said is equally applicable here, and need not be repeated. We reaffirm that holding.

In conclusion, it may not be out of place to suggest that any such promise as that found by the court, aside from the undue influence and coercion it produced on defendant's mind in making the deed, as reflected in the trial court's conclusion, would afford doubtful consideration for the conveyance. As a wife, the plaintiff owed defendant the services she contracted to give in exchange for the deed. See, Annotation 73 A.L.R. beginning on page 1518.

Other propositions are urged and discussed but we find them without merit and will not pass upon them.

The judgment will be affirmed.

It is so ordered.

SADLER, McGHEE, COMPTON and KIKER, JJ., concur.